---

## NEW-YORK COMMON PLEAS.

### CARPENTER, appellant, agt. SECOR, respondent.

Where the assignor of a thing in action is examined by the plaintiff, (his assignee,) the defendant can only offer himself as a witness to the *same matter to which the assignor has testified*, and not to matter which does not controvert the facts testified to by such assignor, but goes in avoidance or discharge of the liability resulting from those facts.

Thus, where a plaintiff proves, by such assignor, the sale of a horse to the defendant, (to recover the price of which the action is brought,) it is not competent for the defendant to testify, on his own behalf, to a subsequent *payment* of the price, or to a *release* or *infancy*, or other matter, in avoidance of the legal consequence of the facts sworn to by the assignor. (*Code,* § 399.)

Whether such *payment* might be testified to by the defendant, when the purchase and payment were simultaneous, and the assignor was examined *to the transaction* generally? *Quere.*

*General Term, July,* 1855.
*Judges* INGRAHAM, DALY, *and* WOODRUFF.

—— ———, *for appellant.*
—— ——— *for respondent.*

By the court—WOODRUFF, Judge.   The views expressed by
this court in *Ward* agt. *Ingraham,* (1 *E. D. Smith R.* 538,)
seem to me conclusive in the present case.   Section 399 of the
Code of Procedure provides that " when an assignor of a thing
in action, &c., is examined as a witness on behalf of any per-
son deriving title through or from him, the adverse party may
offer himself as a witness *to the same matter,* and shall be so
received."

This action is prosecuted by the plaintiff as the assignee of
Thomas Law, to recover money due from the defendant for a
horse, alleged to have been sold by Law to the defendant.   On
the trial, the plaintiff examined Law, his assignor, and proved
by him the sale and delivery of the horse to the defendant, the
price thereof, and the assignment to the plaintiff.

The defendant then offered himself as a witness on his own
behalf; and to the three facts above mentioned he was plainly
competent, *i. e.,* in relation to the alleged *sale and delivery, the
price,* and the *assignment,* he might testify, for to those matters
the assignor had testified.   But he was also offered to prove,
and, notwithstanding the plaintiff's objection, was permitted to
testify, that he *had paid for the horse* the full price; when such
payment was made he did not state.

This was not the matter respecting which the assignor had
been examined, but was new matter.   Matter entirely consist-
ent with the truth of all that the assignor had testified, and
tending not to *controvert* the case made by the plaintiff's wit-
ness, but to establish a defence in avoidance of the plaintiff's
case.

The object of the section of the Code referred to was to place
the parties, in respect to any fact which might be within the

knowledge of the parties to the transaction only, so far upon equal ground, that if the plaintiff relied upon the assignor as to any fact in his case, the defendant might, as to such fact, controvert the evidence by his own oath. Thus, if the plaintiff relied upon the assignor to prove a sale, the defendant might testify to the matter of the sale; and so as to delivery, price, or any other fact on which his claim depends.

I do not think that, practically, the rule operates equally; and if the legislature had gone further, and applied to this examination the provisions of § 395, so that, when the assignor was examined, the defendant might testify to discharge himself of any liability resulting from the facts testified to by the assignor, it would seem to have made the rule more equitable; but such is not the meaning of § 399.

When a sale is proved, proof of payment is not the " *same,*" but *new matter*.

The case of *Gardner* agt. *Clark*, (17 *Barb. S. C. Rep.* 538,) is in conflict with these views, and I exceedingly regret that on a subject of so great importance there should not be uniformity of decision. But, with a disposition to regard the opinion of the supreme court in that case with great respect, I have not been able to bring my mind to the conclusion, that our views of the construction of the Code in this particular are erroneous. To give full effect to the decision referred to is, in substance, to strike out of the section the words " to the same matter;" for, according to the opinion of Mr. Justice BACON, whenever an assignor is called and testifies to facts which charge the defendant with a liability, the defendant may testify to any other facts whatever, occurring at the same, or at any other time, which will operate either to controvert those facts or avoid their legal effect : *i. e.,* he may deny what the assignor testifies; or may show facts inconsistent with his evidence ; or may avoid the liability cast upon him by testifying to independent matter,—as a *release, infancy, payment,* or statute of limitations, and the like. That is to say, the supreme court construes the section as if it meant, that when the assignor is called to establish the liability, the defendant may testify to any de-

fence. "The same matter," in this view, being not the facts to which the assignor testified, but the cause of action his evidence tends to establish, and every fact which will tend to defeat it.

In my opinion, the legislature have used the language in a more restricted sense, and with the same distinctions with which these terms, and their opposite are used in pleading. Thus § 147 refers to *matter* appearing in the *complaint*. Section 149 permits an answer which shall controvert the allegations in the complaint, or contain "a statement of *new matter*, constituting a defence or counter-claim." Formerly § 153 allowed a reply, whenever the answer contained *new matter*. (*Code of* 1849.) Now a reply is allowed when the *new matter* constitutes a counter-claim. Section 154, again speaks of "*new matter* constituting a defence," &c. Section 165 recognizes the distinction between the "matter charged" by the plaintiff and matter in mitigation, or justification, or avoidance. And § 168 again recognizes the same distinction, and shows that in the Code the term *new matter* has the same meaning that it had before the Code. If the terms "the same matter" and "new matter" have, when applied to pleadings, the same signification they have had heretofore, it seems to me clear, that when applied to evidence to be given under the pleadings, they must have the same signification. A party must, in his proof, be confined to his allegations.

Suppose a complaint avers a sale and delivery, and the answer contains two defences, the one a general denial of the facts charged, and the other a counter-claim, is there any doubt that the latter defence is to be deemed new matter in every sense, both for the purposes of pleading and proof? If so, and the assignor testifies to the sale, can the defendant be received to testify to the *new matter* constituting the counter-claim? I think not; nor to payment or release, or other new matter. The same distinction obtains in the rules governing the conduct of a trial. Thus a plaintiff, having rested his case, is not in general permitted, after the defendant's evidence is in, to go into matters not opened by the defendant's evidence; and if

Carpenter agt. Secor.

the defendant's evidence is confined to rebutting the very same facts or matters to which the plaintiff's witnesses have testified, the plaintiff cannot examine further witnesses.

The strikingly dissimilar language used by the legislature in sections 395 and 397, contrasted with 399, shows that they used the language of the last-named section in the sense we have given it. Thus, in § 395, it is provided, that "a party examined by the adverse party may testify on his own behalf in respect to *any matter pertinent to the issue.* But if he testify to any *new matter* not responsive to inquiries put to him, or necessary to explain or qualify his answers, or discharge him when his answers would charge himself, such adverse party may offer himself as a witness to such *new* matter, and shall be received." This shows that the legislature, in this section, had distinctly in view the distinction between the same matter, elicited by the inquiries of the adverse party, and new matter; and that in this example they intended, expressly, to provide that a party so examined might not only give evidence touching the same matter thus inquired of, but might discharge himself when those matters would tend to charge him; while, on the other hand, when such adverse party offers himself, he is strictly confined to the new matter testified to. And in § 397, the legislature provide, that when a co-plaintiff or co-defendant is examined as a witness, the other plaintiff or defendant may offer himself as a witness to the "*same cause of action or defence,*" showing in both these sections, not only a design to admit a wider range of examination, but also a plain recognition of the difference between an examination of the witness, or party to *the same matter,* and his examination to *new matter* on his own behalf.

The terms of § 399 confine the examination of the defendant to the *same matter,* testified to by the assignor, and do not (as is done in § 395) intimate that he may testify to any matter which will *discharge* him, when the evidence of the assignor would *charge* him, as Mr. Justice BACON obviously holds.

The legislature did not, I think, make use of language so widely different without intending to make a distinction; nor do I think they used the terms, "the same matter," without

intending the very same matter to which the assignor testifies, and no other; otherwise, why did they use the words at all? If in any case this construction gives the plaintiff an undue advantage, we must regret it, but we cannot, I think, provide the remedy.

It will rarely be true, when a sale and payment are part of the *same transaction*, that the assignor can be so examined by the plaintiff as not to open the door to the defendant to testify to *all* that took place at the time : for, if leading questions are not permitted, and the assignor is examined in relation to the transaction between himself and the defendant generally, it would seem, even under the view I have above expressed, that the *whole transaction* would be the matter testified to, and that the defendant could testify to the whole. But, be this as it may, I cannot find warrant for saying that he may testify to other facts, occurring at another time, forming no part of the transaction testified to, merely because the legal effect of the assignor's evidence is to charge him with a liability, which he can only avoid by showing subsequent payment, release, or by testifying to his infancy, or other matter entirely consistent with what the assignor has sworn to, but going to new matter in avoidance.

I am of opinion that the judgment should be reversed.

Judgment reversed.